UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHERYL A., | ) |
| | ) CASE NO. C20-5503-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER RE: SOCIAL SECURITY |
| COMMISSIONER OF SOCIAL SECURITY, | ) DISABILITY APPEAL |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1978.[1] She has a bachelor's degree and her previous

---
[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -1

jobs include cashier/checker at Trader Joe's. (AR 49-50, 63-64.)

Plaintiff applied for DIB and SSI in July 2017. (AR 197-205.) Those applications were denied and Plaintiff timely requested a hearing. (AR 125-31, 134-41.)

In June 2019, ALJ John Michaelsen held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 32-70.) In August 2019, the ALJ issued a decision finding Plaintiff not disabled. (AR 15-25.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had worked since June 9, 2016 (the alleged onset date), but that work did not rise to the level of substantial gainful activity. (AR 17-18.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found that before September 30, 2011 (Plaintiff's date last insured), Plaintiff did not have any severe impairments,[2] but that beginning on the alleged onset date, Plaintiff's post-traumatic stress disorder, anxiety, and

---

[2] This finding indicates that Plaintiff is not eligible for DIB (see 20 C.F.R. § 404.131), and it is not challenged.

01   myofascial pain syndrome were severe impairments.  (AR 18.)  Step three asks whether a

02   claimant's impairments meet or equal a listed impairment.  The ALJ found that Plaintiff's

03   impairments did not meet or equal the criteria of a listed impairment.  (AR 19-20.)

04          If a claimant's impairments do not meet or equal a listing, the Commissioner must

05   assess residual functional capacity (RFC) and determine at step four whether the claimant has

06   demonstrated an inability to perform past relevant work.  The ALJ found Plaintiff capable of

07   performing light work with additional limitations: she can frequently balance, kneel, crouch,

08   crawl, stoop, and climb ramps or stairs.  She can occasionally climb ropes, ladders, or

09   scaffolds.  She can frequently reach, handle, finger, and feel bilaterally.  She must avoid

10   concentrated exposure to unprotected heights, moving machinery, and similar hazards.  She

11   can perform simple, repetitive, routine tasks with no public contact.  She is limited to one-on-

12   one contact and interaction with co-workers.  (AR 20.)  With that assessment, the ALJ found

13   Plaintiff unable to perform past relevant work.  (AR 23.)

14          If a claimant demonstrates an inability to perform past relevant work, the burden shifts

15   to the Commissioner to demonstrate at step five that the claimant retains the capacity to make

16   an adjustment to work that exists in significant levels in the national economy.  With the

17   assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative

18   occupations, such as marker, routing clerk, and router.  (AR 23-24.)

19          This Court's review of the ALJ's decision is limited to whether the decision is in

20   accordance with the law and the findings supported by substantial evidence in the record as a

21   whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means

22   more than a scintilla, but less than a preponderance; it means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in assessing certain medical opinion evidence, discounting Plaintiff's subjective allegations, in assessing her RFC, and in failing to address a lay statement. The Commissioner argues that the ALJ's decision is supported by substantial evidence, and that any error therein is harmless.

### Medical opinion evidence

Plaintiff challenges the ALJ's assessment of opinions written by examining psychologist David Morgan, Ph.D.

Legal standards

Because Plaintiff applied for benefits after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence. Under the regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[3] The ALJ must articulate and explain the persuasiveness of an opinion or prior finding based on "supportability" and "consistency," the two most important factors in the evaluation. *Id*. at (a), (b)(1)-(2). The "more relevant the objective medical evidence and

---

[3] "A prior administrative medical finding is a finding, other than the ultimate determination about [disability], about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review . . . in [a] claim based on their review of the evidence in your case record[.]" 20 C.F.R. §§ 404.1513(a)(5), 416.913(a)(5).

supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id*. at (c)(1)-(2). The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements. *Id*. at (b)(2), (c)(3)-(5). *But see id*. at (b)(3) (where finding two or more opinions/findings about same issue equally supported and consistent with the record, but not exactly the same, ALJ will articulate how other factors were considered). Where a single medical source provides multiple opinions or findings, the ALJ conducts a single analysis and need not articulate how each opinion or finding is considered individually. *Id*. at (b)(1).

Dr. Morgan's opinions

Dr. Morgan examined Plaintiff in June 2016 and April 2017 and completed DSHS form opinions on both occasions. (AR 359-69.) The ALJ summarized the marked limitations found by Dr. Morgan and indicated that he found them unpersuasive because Dr. Morgan did not explain the basis for these limitations, and they were inconsistent with Plaintiff's treatment history, activities of daily living, and normal mental status examinations. (AR 21.) The ALJ also noted that in both opinions, Dr. Morgan found that Plaintiff's limitations would persist for less than a year, and thus do not support a finding of disability of the requisite duration. (*Id*.)

The ALJ's assessment of Dr. Morgan's opinions is reasonable and supported by

substantial evidence. Dr. Morgan's mental status examinations were normal (AR 362-63, 368-69), and none of Dr. Morgan's clinical findings explain the basis for the marked limitations he indicated. Furthermore, Dr. Morgan's description of Plaintiff's limited activities is contradicted by her description of her activities elsewhere in the record. (*See, e.g.*, AR 215-16, 435-36.) Lastly, the limited duration of Dr. Morgan's opinions is another factor that reasonably undermines the persuasiveness of his conclusions. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008).

Although Plaintiff argues that the ALJ failed to provide specific, legitimate reasons to discount Dr. Morgan's opinions (Dkt. 10 at 5-8), this argument overlooks the application of the new regulations to the ALJ's assessment of the opinion evidence. Because the ALJ properly considered the persuasiveness factors set forth in 20 C.F.R. § 416.920c(a) and (b)(1)-(2), the Court affirms this portion of the ALJ's decision.

<u>Plaintiff's subjective testimony</u>

The ALJ discounted Plaintiff's subjective testimony because he found her allegations were inconsistent with the medical evidence and her independence as to activities of daily living. (AR 22-23.) Plaintiff contends that the ALJ failed to provide clear and convincing reasons to discount her testimony, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff contends that the ALJ made no specific findings regarding her subjective testimony, and also notes that a claimant's testimony cannot be discounted solely based on a lack of corroboration with objective evidence. Dkt. 10 at 3-4. Plaintiff's contention is not persuasive: the ALJ's findings were admittedly few, but they can be found in the decision.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -6

First, the ALJ contrasted Plaintiff's allegations of physical limitations with the medical record, which showed that Plaintiff reported no pain or mild pain, and that her physical examinations were normal. (AR 22.) This is a valid reason to discount Plaintiff's allegations.[4] *See Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

Second, the ALJ recounted Plaintiff's testimony that she needed help to complete household activities such as cooking and cleaning, but found that the record showed that Plaintiff was independent in her activities of daily living and that her mental conditions had only "minor" impact on these activities. (AR 20, 22.) To the extent that the ALJ identified an inconsistency between Plaintiff's testimony and the record in this regard, the ALJ provided an additional valid reason to discount Plaintiff's allegations. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

In other parts of the decision, the ALJ also pointed to factors that undermined Plaintiff's allegation of disability. At step one, the ALJ noted that Plaintiff had worked since the alleged onset date, and that she stopped working for reasons other than her impairments. (AR 17-18.) This is a valid reason to discount Plaintiff's allegation of an inability to work due to her impairments. *See* Social Security Ruling 82-61, 1982 WL 31387, at *1 (Jan. 1, 1982) ("A basic program principle is that a claimant's impairment must be the primary reason for his or her inability to engage in substantial gainful work."). At step three, the ALJ also

---

[4] Plaintiff clarifies on reply that she does not challenge this line of the ALJ's reasoning. Dkt. 12 at 2.

noted that although Plaintiff testified at the hearing that she isolated herself from others, she had at other times reported no problems getting along with other people. (AR 19 (referencing AR 51, 219-20).) This inconsistency is another valid reason to discount Plaintiff's allegations. *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (ALJ may consider a claimant's inconsistent or non-existent reporting of symptoms). These findings lend additional support to the ALJ's assessment of Plaintiff's allegations.

Because the ALJ provided several valid reasons to discount Plaintiff's allegations, the Court affirms this portion of the ALJ's decision.

RFC

A State agency consultant found in relevant part that Plaintiff "is capable of carrying out simple repetitive tasks. [She] cannot maintain a rapid production pace or attain precise measurements and tolerances due to distractibility and anxiety. [She] can function in a space free of unscheduled or unexpected intrusions." (AR 109.) The ALJ found the State agency opinion to be unpersuasive to the extent it was contradicted by a consultative physical examination, but did not find the psychological limitations to be unpersuasive. (AR 23.) In the RFC assessment, however, the ALJ limited Plaintiff to performing simple, repetitive, routine tasks with no public contact and only one-on-one contact and interaction with co-workers. (AR 20.)

According to Plaintiff, the ALJ failed to fully account for the State agency opinion because he did not preclude production-pace work or unscheduled/unexpected intrusions in the RFC assessment. Dkt. 10 at 9. Plaintiff suggests that "it is not entirely clear that [she] would be able to perform" the jobs identified at step five if these limitations had been

included, and thus the ALJ's error was harmful. *Id.*

The Court cannot detect any conflict between much of the State agency opinion and the jobs identified at step five. The simple, repetitive, routine tasks with minimal social interaction contemplated in the RFC assessment would not be reasonably expected to involve unscheduled or unexpected intrusions, and is obviously consistent with the State agency consultant's opinion that Plaintiff can perform simple, repetitive tasks.

But there is a potential conflict involving the State agency opinion that Plaintiff is unable to perform at a production-rate pace. All of the step-five jobs are classified as light jobs, and the Dictionary of Occupational Titles' (DOT) definition of light work embedded into each of the step-five job descriptions mentions the potential of production-rate pace. *See* DOT 209.587-034, *available at* 1991 WL 671802 (Jan. 1, 2016); DOT 222.687-022, *available at* 1991 WL 672133 (Jan. 1, 2016)); DOT 222.587-038, 1991 WL 672123 (Jan. 1, 2016). Without clarification from a VE, the Court cannot determine whether the step-five jobs involve a production-rate pace, and the Commissioner has not persuaded the Court that the ALJ's RFC assessment adequately accounts for a restriction on production-pace work. Dkt. 11 at 9. Accordingly, the Court cannot find harmless the ALJ's error in failing to account for all of the psychological limitations mentioned by the State agency consultant.

On remand, the ALJ shall reconsider the State agency opinion and, if necessary, reformulate the RFC assessment and enter new step-five findings. The ALJ shall also address the written statement of Plaintiff's friend, Nicole Laurent, which was not addressed in the current decision.

//

## **CONCLUSION**

For the reasons set forth above, the Commissioner's decision is REVERSED and this matter is REMANDED for further administrative proceedings. On remand, the ALJ should reconsider the State agency opinion and, if necessary, reformulate the RFC assessment and enter new step-five findings. The ALJ shall also address Ms. Laurent's statement.

DATED this 15th day of January, 2021.

Mary Alice Theiler
United States Magistrate Judge